**In re Michael P. BARBRE and Mary Rosina Barbre, Debtors.**

**Mariah Dawn SMITH, a minor child, By and Through her mother and next friend and guardian, Janice Smith, Plaintiffs,**

v.

**Michael P. BARBRE, Mary Rosina Barbre and Gibson D. Karnes, Trustee, Defendants.**

**Bankruptcy No. 87–40551.
Adv. No. 87–0219.**

United States Bankruptcy Court, S.D. Illinois.

Oct. 24, 1988.

Robert H. Rath, Harrisburg, Ill., for plaintiffs.

Patrick M. McCann, Murphysboro, Ill., for defendants.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

On March 16, 1987, a paternity judgment was entered in state court establishing that debtor, Michael Barbre, is the natural father of plaintiff, Mariah Dawn Smith, a minor child. On July 14, 1987, after hearing evidence on the issues of child support and attorney fees, the state court entered judgment requiring debtor to pay child support of $635.00 per month and ordering debtor to pay $10,627.00 for attorney fees and costs incurred in the paternity action. On September 1, 1987, the state court amended its judgment to include an award in the amount of $9,525.00 as back child support accruing from the time the paternity suit was commenced to the time of judgment. On that same date, debtor filed his Chapter 7 bankruptcy petition in this Court.

Plaintiff, by her mother as next friend and guardian, has brought the instant action to determine dischargeability. Plaintiff seeks a determination that the child support and attorney fees awarded by the state court in the paternity action are nondischargeable under § 523(a)(5). *See* 11 U.S.C. § 523(a)(5). Plaintiff additionally requests that the Court order debtor to pay reasonable attorney fees and costs incurred by her in this dischargeability action.

Debtor concedes that the child support obligations imposed by the state court are nondischargeable and that attorney fees directly related to that support are

likewise nondischargeable. Debtor maintains, however, that attorney fees incurred in establishing paternity on the part of debtor—for example, fees relating to blood tests of debtor—are not in the nature of support and thus are not excepted from discharge under § 523(a)(5). Debtor, therefore, requests that a portion of the $10,-627.00 fee award attributable to the establishment of paternity "as well as any other issue not directly bearing on child support" be discharged. Debtor further opposes plaintiff's request for attorney fees in this dischargeability action.

Section 523(a)(5) provides an exception to discharge in a Chapter 7 proceeding for debts owed

> to a ... child of the debtor, for ... support of such ... child, in connection with a separation agreement, divorce decree or other order of a court of record....

11 U.S.C. § 523(a)(5). Under this exception, domestic obligations awarded by a state court in favor of a child are nondischargeable if they are "actually in the nature of" support. *See* 11 U.S.C. § 523(a)(5)(B); *Harrell v. Sharp*, 754 F.2d 902 (11th Cir.1985). An award of attorney fees to allow litigation regarding support obligations on an equal basis can be said to be in the nature of support, and courts have found such attorney fees to be so connected with the obligation of support as to be nondischargeable under § 523(a)(5). *In re Spong*, 661 F.2d 6 (2d Cir.1981); *see DuPhily v. DuPhily*, 52 B.R. 971 (D.Del. 1985); *In re Heverly*, 68 B.R. 21 (Bankr.M. D.Fla.1986). Section 523(a)(5), as amended July 1984, makes clear that support obligations imposed by a court of record in a paternity action are nondischargeable on the same basis as those awarded in connection with a divorce or dissolution proceeding. *See* Pub. L. No. 98–353, 454(b), 98 Stat. 333, 376 (1984); *Mullally v. Carter*, 67 B.R. 535 (N.D.Ill.1986).

While debtor here asserts that only a portion of the attorney fees directly related to the state court's award of child support should be held nondischargeable, courts considering the issue of attorney fees in both paternity and divorce actions have failed to distinguish between fees incurred to establish the legal relation giving rise to the obligation of support and fees required to establish the amount of support itself. *See In re Spong; In re Cain*, 29 B.R. 591 (Bankr.N.D.Ind.1983). Rather, because an award of attorney fees is based on the relative financial needs and abilities of the parties and because the support recipient, in the absence of an award of attorney fees, would have fewer funds to apply to necessary living expenses, the entire award of attorney fees in an action to establish a support obligation is generally held to be nondischargeable in bankruptcy as being in the nature of support. *But see In re Skinner*, 68 B.R. 45 (Bankr.W.D.Okla.1986): court, rejecting contrary authority, held that attorney fees in divorce action were dischargeable because § 523(a)(5) contains no explicit exception for attorney fees.

Specifically, in the context of paternity actions, the courts in *In re Cain* and *In re Valls*, 79 B.R. 270 (Bankr.W.D.La.1987), held that attorney fees and expenses relating to blood tests to establish paternity of the debtor were themselves nondischargeable support obligations. The *Cain* and *Valls* courts reasoned that the reference in subsection (B) to obligations "in the nature of" support indicated that § 523(a)(5) was to be given a broad rather than a narrow reading. *See also In re Balthazor*, 36 B.R. 656 (Bankr.E.D.Wis.1984). Since a paternity suit is the only legally recognized means of establishing the relationship between father and child to obtain support for the child, the *Cain* court found that fees for such a suit should be nondischargeable. This Court finds the reasoning of the *Cain* and *Valls* cases persuasive and rejects the approach of *In re Skinner*, relied upon by debtor, in which the statute was read strictly to discharge attorney fees incurred in a divorce proceeding. Accordingly, debtor's obligation for attorney fees of $10,627.00 awarded in the state court paternity action is nondischargeable in this bankruptcy proceeding.

Plaintiff additionally requests that this Court determine and award reasonable

attorney fees and costs incurred by her in this dischargeability proceeding. Plaintiff observes that the state statute governing paternity actions provides for an award of fees and costs to be paid by the parties as the court directs. *See* Ill.Rev.Stat., ch. 40, par. 2517. Plaintiff maintains that since she has been compelled to litigate the issue of debtor's support obligation in a federal forum, this Court should apply substantive state law and award attorney fees as ancillary to the underlying debt for support.

Plaintiff bases her argument on two cases, *In re Scannell*, 60 B.R. 562 (Bankr. W.D.Wis.1986), and *In re Teter*, 14 B.R. 434 (Bankr.N.D.Tex.1981), in which attorney fees were awarded in bankruptcy proceedings brought to determine dischargeability of support obligations. The *Teter* court, without citation of authority, declared that the liability for attorney fees was created by state law and "that state law should control." *Teter*, 14 B.R. at 437. The court held that since attorney fees were permitted under state statute, such fees "should be established by this Court in a non-dischargeability context." *Id.*

The court in *Scannell* ruled similarly that the policy embodied in state statute in favor of awarding attorney fees in actions affecting the family should be incorporated into federal litigation regarding dischargeability. The court acknowledged that there is no provision in federal law for an award of attorney fees in § 523 actions, with the exception of § 523(d) applicable to consumer debts. The *Scannell* court, however, invoked the rule in diversity cases that

> so long as no federal law expressly prohibits fees, a state law creating a right to attorney fees, which reflects a substantial state policy, should be followed.

*Scannell*, 60 B.R. 567 (citation omitted). The basis of this rule in diversity cases, the court noted, was that a party's right to attorney fees under state statute would otherwise be destroyed by removal of the cause to the federal courts.

Analogizing to a diversity action, the *Scannell* court stated that "the same reasoning applies in bankruptcy since the party seeking to enforce the state right [to

support or maintenance] usually has no practical alternative but to litigate in the federal forum." *Id.* The court held, therefore, that

> the established state policy favoring attorney's fees in "actions affecting the family," and the presence of significant related questions of state law in the litigation justifies an award of attorney's fees. Such an award is proper since no federal law or rule purports to affirmatively proscribe the award.

*Id.* (citation omitted).

The reasoning of the *Scannell* and *Teter* courts, while initially compelling, does not withstand critical analysis. Unlike a state court action that has been removed to federal court as a diversity case, a dischargeability action is uniquely a bankruptcy matter and is determined by federal and not state law. *See In re Williams*, 703 F.2d 1055 (8th Cir.1983); *Nuellen v. Lawson*, 123 Ill.App.3d 202, 78 Ill.Dec..619, 462 N.E. 2d 738 (1984). Thus, the rationale that failure to award attorney fees in a dischargeability action would deprive plaintiffs of the right they would otherwise have to an award of attorney fees under state statute is not applicable in an action to determine dischargeability in bankruptcy court. Rather, plaintiffs seeking nondischargeability of an award of support and attorney fees in a bankruptcy proceeding will have had an opportunity to obtain an award of attorney fees under state law and may, additionally, be awarded attorney fees in state court proceedings to enforce the judgment of support (*see* Ill.Rev.Stat., ch. 40, para. 2515). The Court finds, therefore, that the *Scannell* court's analogy between a dischargeability action and a diversity action is misplaced and does not justify an award of attorney fees in this dischargeability proceeding.

Other courts considering the issue of whether attorney fees should be awarded in dischargeability proceedings involving support obligations have ruled, contrary to *Scannell* and *Teter*, that the bankruptcy court has no authority to award such fees. *See Matter of Myers*, 61 B.R. 891 (Bankr. N.D.Ga.1986); *In re Gedeon*, 31 B.R. 942

(Bankr.D.Colo.1983). In *Matter of Myers,* the court expressly repudiated an earlier ruling that the bankruptcy court could award reasonable fees and costs relating to a determination of nondischargeability and held that no attorney fees could be awarded under § 523(a)(5). In addition to the lack of statutory authority for such an award, the *Myers* court noted that bankruptcy courts have no role in assessing the amount of support in a domestic relations case. *See Harrell v. Sharp,* 754 F.2d 902 (11th Cir.1985). The court continued:

> If this Court were to make a nondischargeable award of attorney's fees pursuant to section 523(a)(5), the Court would be intruding in an area in which Congress clearly had not intended the Court to delve.

*Myers,* 61 B.R. at 896. The *Myers* court concluded, therefore, that Congress intended each party to bear his or her own costs of litigation under § 523, except in cases under § 523(d) where an award of attorney fees is expressly allowed. The court added that a litigant finding that more support was needed because of costs arising out of a dischargeability proceeding could always seek a modification of the support award in state court.

This Court finds similarly that an award of attorney fees under state statute is uniquely related to state court support determinations and should be established in state court domestic relations proceedings. Such fees are a part of the support obligation awarded by the state court after a consideration of the parties' relative financial circumstances. This Court has no authority to award support and should not do so indirectly by awarding attorney fees pursuant to state statute.

The Court notes further that it is the purpose of a § 523 action to determine the dischargeability of pre-petition debts. Attorney fees incurred in the bankruptcy proceeding are post-petition debts and not properly a matter for consideration in a dischargeability action. The plaintiff in *In re Lathouwers,* 54 B.R. 205 (Bankr.D.Colo. 1985), requested attorney fees in a dischargeability proceeding, arguing that such fees were incurred in an attempt to enforce state court orders and should be treated as support just as attorney fees awarded in the state action. The *Lathouwers* court observed:

> The other fees, however, were pre-petition debts and thus were treated as support in the context of the dischargeability proceeding. The Court is not under a similar constraint for post-petition debts nor is the bankruptcy court required to take into account the same factors a state court does in awarding attorneys' fees in a dissolution proceeding.

*Lathouwers,* 54 B.R. at 207. The court found that the "fees incurred by the plaintiff in the bankruptcy court are clearly distinguishable from those incurred in the state domestic relations proceedings" (*id.*) and ruled that no award of attorney fees would be made.

This Court agrees with the reasoning of *Lathouwers* and those courts finding no basis for an award of attorney fees in a dischargeability proceeding and, accordingly, denies plaintiff's request for attorney fees in the instant action.*

IT IS ORDERED that the support obligations and attorney fees awarded by the state court in the paternity action against debtor are found to be NONDISCHARGEABLE in this bankruptcy proceeding.

IT IS FURTHER ORDERED that plaintiff's request for attorney fees in the instant dischargeability action is DENIED.

---

* The Court takes no position, nor is this order intended to be dispositive, on the issue of whether an award of attorney's fees for pursuing the dischargeability issue in this Court would be allowable in the state court under Ill.Rev.Stat., ch. 40, ¶ 2515, 2517.