**In re Joseph David McCORD and Tracy Mae McCord, Debtors,**

**Charlotte Marie COLEMAN, Plaintiff,**

v.

**Joseph David McCORD, Defendant.**

**Bankruptcy No. 91–44778–172.**

**Adv. No. 91–4269–172.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 15, 1993.

Order Amending April 1, 1993.

Order Denying Motion to Lift
Stay April 2, 1993.

Stuart J. Radloff, Clayton, MO, Trustee.

John M. Williams, Flat River, MO, for debtors.

Kenneth A. Seufert, Farmington, MO, for Charlotte Coleman.

Richard Goldstein, Cape Girardeau, MO, for Division of Child Support Enforcement.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is one of two adversary proceedings to determine dischargeability of debts that are based on a state court order that had been entered in a paternity proceeding involving Joseph David McCord, the co-Debtor here. The facts are summarized below.

Debtors, Joseph David and Tracy Mae McCord filed for relief under Chapter 7 of the Bankruptcy Code on July 26, 1991. On September 9, 1991, Charlotte Marie Coleman commenced Adversary Proceeding Number 91–4269 against Joseph David McCord only. On September 23, 1991 both Debtors as Plaintiffs commenced Adversary Proceeding Number 91–4330 against Kenneth A. Seufert, Attorney at Law, the State of Missouri Child Enforcement Unit and Farmington Community Hospital. Both adversary complaints request a determination of dischargeability of debts that Joseph McCord was directed to pay pursuant to an order of the Circuit Court of St. Francois County, Missouri entered on June 6, 1991. This state court order was the result of Coleman's state court petition to determine paternity. The state court declared Joseph McCord to be the natural father of Coleman's minor son and ordered Joseph McCord to begin paying child support. The state court order contained a number of other provisions including:

(i) a judgment in favor of Coleman against Joseph McCord for $13,470.00 for back child support for necessaries furnished for the minor child;

(ii) a judgment in favor of the State of Missouri Child Support Enforcement Unit against Joseph McCord for $3,458.00 for payments made under the provisions of Aid to Families with Dependent Children (AFDC) to Coleman on behalf of the minor child;

(iii) an assumption by Joseph McCord of the child birth expenses of the minor child

owed to Farmington Regional Medical Center in the amount of $1,259.00; and

(iv) that Joseph McCord was to pay to Coleman $187.50 for reimbursement of one-half of the costs of the blood tests.

These Adversary Proceedings have presented the question of whether or not the above debts are dischargeable as maintenance, alimony or support under Section 523(a)(5) of the Bankruptcy Code. The Debtors have also raised the question of whether the obligation to Kenneth A. Seufert for Coleman's attorney fees in the state court action are non-dischargeable. The attorney fees were based on a contingency fee contract between Charlotte Marie Coleman and Kenneth A. Seufert.

The parties have agreed that these Adversary Proceedings may be determined upon consideration of a single set of pleadings. Accordingly, Debtors filed their memorandum in support of the complaint to determine dischargeability; the State of Missouri Child Support Enforcement Division filed its brief in support of its position; Coleman and Seufert filed a reply to the Debtors' memorandum, which incorporated their memorandum in support of their motion for summary judgment; and Debtors filed a reply memorandum. The matter was then taken as submitted to the Court. The motion for summary judgment on behalf of Coleman and Seufert was denied by an order of this Court dated October 30, 1991, in view of the parties' agreement to submit the substantive issues on a stipulation of facts and legal memoranda.

■ The Bankruptcy Code recognizes that support obligations of parents to their children born out of wedlock are subject to exception from discharge, just as such obligations to children born in wedlock may be excepted from discharge.

> Section 523(a)(5), as amended July 1984, makes clear that support obligations imposed by a court of record in a paternity action are nondischargeable on the same basis as those awarded in connection with a divorce or dissolution proceeding.

*In re Barbre, Smith v. Barbre,* 91 B.R. 846, 847 (Bankr.S.D.Ill.1988).

■ It is noted that Missouri law recognizes that the father of minor children has a common law duty and obligation to support his children. *State ex rel. Division of Family Services v. Standridge,* 676 S.W.2d 513, 515 (Mo. banc 1984) (cites omitted).

■ Whether a particular debt is a support obligation or part of a property settlement is a question to be determined under federal bankruptcy law. H.R.Rep. No. 595, 95th Cong., 2d Sess. 364; S.Rep. No. 989, 95th Cong., 2d Sess. 79, U.S.Code Cong. & Admin.News 1978, p. 5787. Whether a debt is

> in fact for 'support' and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as trier of fact in light of all facts and circumstances relevant to the intention of the parties.

*In re Williams,* 703 F.2d 1055, 1057–58 (8th Cir.1983).

■ The Debtors have argued that the award by the state court to Coleman for $13,470.00 was designated by the state court as an award for reimbursement of necessaries and not as child support. The state court found that "Coleman is entitled to an award of back child support for necessaries furnished the child". (Judgment order of June 6, 1991, p. 2). Whether this obligation is for support and therefore non-dischargeable is a question of federal bankruptcy law, not state law. In making the awards in the case, the state court considered the financial abilities of the parties. In setting the amount of child support to be paid by McCord in the future, the state court considered the earning capacities of both parties, McCord's other child support obligation, Coleman's day care cost, the age of the child, and McCord's assumption of the child birth expenses. (Judgment order of June 6, 1991, p. 3–4). There is nothing in the record to suggest that there was an unequal assessment of support obligations in the state court action. The record indicates and the Court finds and concludes that this award was in the nature of child support. Therefore, the Court concludes further that the award of $13,470.00 to Coleman was intended to be and there-

fore, is for the support of Joseph McCord's child and is non-dischargeable in this bankruptcy case.

■ The Debtors have argued further that the debt owed to the State of Missouri is an assignment to a third party, is not payable directly to the child or the child's mother and is therefore dischargeable. The Debtors correctly recognize that the Bankruptcy Code provides that a debt which is a child support obligation assigned to the state under the federal Social Security Act, 42 U.S.C. § 602(a)(26), as a condition for receiving AFDC, is not discharged in bankruptcy. 11 U.S.C. § 523(a)(5)(A). The Debtors argue that because there was no specific finding by the state court that this was the condition under which Coleman received AFDC, the debt is to be discharged in this case. Such a specific finding is not necessary however in view of the language of the State statutes.

The division of family services shall require as additional conditions of eligibility for benefits that each applicant for or recipient of aid:

. . . .

(2) Shall assign to the division of family services in behalf of the state any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is executed. . . .

Mo.Rev.Stat. Section 208.040.2 (1982).

Thus, Coleman was required to assign her right to receive support from any other source to the state of Missouri as a condition of receiving AFDC. Therefore, this debt falls under Section 523(a)(5)(A) and is non-dischargeable.

■ The Debtors argue further that the debt owed to Farmington Regional Medical Center for child birth expenses is a debt owed to a third party and is dischargeable as not being payable directly to the child or the child's mother. The Debtors also contend that even though the state court determined that Joseph McCord should pay this debt, it "failed to order him to make the payment in the order section" of the order. Memorandum In Support Of Debtor's Motion For Dischargeability Of Debt, filed Nov. 12, 1991, p. 9. Therefore, the Debtors argue, this debt should be discharged.

■ The Eighth Circuit Court of Appeals has determined that debts owed to third parties may also be in the nature of support or maintenance and therefore, non-dischargeable under section 523(a)(5).

Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award is intended to serve. E.g., *In re Spong*, 661 F.2d 6 (2d Cir.1981); *Poolman v. Poolman*, 289 F.2d 332 (8th Cir. 1961); *In re Jensen*, 17 B.R. 537 (Bankr. W.D.Mo.1982). *In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983).

The Court concludes that based on the facts presented here the debt owed to Farmington Regional Medical Center is in the nature of child support. The state court considered the assumption of this debt in determining the amount of child support that Joseph McCord would have to pay. (Judgment order of June 6, 1991, p. 4). In the absence of this order to pay the debt, Joseph McCord may have been ordered to pay a larger sum of money for child support. If the debt is dischargeable, Charlotte Coleman will be responsible for the payment to the Medical Center. Without additional assistance from Joseph McCord, she would then have less money available for the minor child's necessary living expenses.

The intent of the State court is clear with respect to this debt to the hospital. The fact that the State Court order may not have included specific language is not fatal to the Bankruptcy Court determination, and, if necessary, may be corrected in subsequent State Court proceedings. Therefore, the debt to Farmington Regional Medical Center is in the nature of child support and is non-dischargeable.

■ The Debtors have argued that the debt for the costs of the blood tests in the paternity action are not in the nature of

child support. A debt owed for fees incurred in establishing paternity and support obligations can be non-dischargeable "since a paternity suit is the only legally recognized means of establishing the relationship between father and child to obtain support for the child." *In re Barbre, Smith v. Barbre*, 91 B.R. 846 (Bankr. S.D.Ill.1988). The debt owed to Coleman for reimbursement for one-half of the costs of the blood tests necessary to determine paternity may also be held non-dischargeable as being in the nature of child support. The Court concludes that such is the case here, and finds this debt to be non-dischargeable.

▮ With respect to the attorney fees of Seufert, the state court order specifically denied Coleman's request for attorneys fees for Seufert. Therefore, Seufert has no claim against Joseph McCord for payment of attorney fees and there is no question of dischargeability. The Debtors argue that the $13,470.00 debt due to Coleman should be reduced by one-third, the amount of attorneys fees Seufert is claiming. Debtor cites no authority for such a reduction. There is otherwise nothing in this record upon which the Court may grant this request on legal or equitable grounds. An Order consistent with the determinations in this memorandum will be entered separately.

## ORDER AMENDING JUDGMENT IN PART

On consideration of the Debtors' Motion For New Trial Or To Amend Judgment, in the Memorandum dated March 15, 1993, see p. 916, in this matter, the Court had determined that Kenneth Seufert *has no claim* against Joseph McCord for payment of attorney fees (page 919), and that the award of $13,470.00 to Coleman was intended to be and therefore is for the support of Joseph McCord's child and is non-dischargeable in this bankruptcy case (page 918). Therefore,

**IT IS ORDERED** that to the extent that the Debtors' Motion For A New Trial Or To Amend Judgment is a request to reduce the amount of the non-dischargeable debt owed

to Charlotte Marie Coleman by the amount of $4,490.00, said motion is **DENIED**; and

That the second full paragraph on page two of the Order entered on March 15, 1993 in this matter is amended to read as follows (new language underlined):

That as to Count II of the Complaint of the Debtor/Plaintiffs, judgment is entered in favor of the Debtor/Plaintiffs and against the Defendant, Kenneth A. Seufert, in that, although no obligation has been shown to exist, to the extent that the Debtors may be obligated to pay attorneys fees to said Defendant as a result of the proceedings described in this Complaint, said obligation, if any, is discharged in this case as not being in the nature of maintenance, alimony or support; and that nothing in this Order is intended to reduce the non-dischargeable debt owed by the Debtors to Charlotte Marie Coleman in the approximate amount of $13,470.00; and

That to the extent set out above only, the Debtors' alternative motion to amend the judgment order is **SUSTAINED**; and that the Debtors' other requests in said Motion are **DENIED**.

**IT IS FURTHER ORDERED** that the Debtors' Motion For New Trial Or To Amend Judgment is deemed to have been filed in each Adversary, No. 91–4330 and No. 91–4269.

## ORDER DENYING MOTION TO LIFT STAY

The matter before the Court is the motion of Charlotte Marie Coleman to amend the order of March 15, 1993, see p. 916, so as to lift the automatic stay.

Section 362(b)(2) provides in pertinent part that

The filing of a petition under section 301, 301, or 303 of this title ... does not operate as a stay—(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate.

11 U.S.C. § 362(b)(2).

Thus, in light of this Court's March 15, 1993 order in this case, which found that

the debts owed by Debtor Joseph McCord to Coleman were non-dischargeable as being in the nature of child support, there is no automatic stay in operation as to these debts, as to property that is not property of the estate. Therefore,

**IT IS ORDERED** that the motion to amend the order of March 15, 1993 so as to lift the automatic stay is **DENIED** as moot; and

**IT IS FURTHER ORDERED** that any other requests for relief from the automatic stay in Adversary Proceeding Number 91–4269 are DENIED as moot.