In re Craig L. ALLEN, Deborah F. Allen, Debtors.

Bankruptcy No. 97–41577.

United States Bankruptcy Court, S.D. Illinois.

Jan. 22, 1998.

William Mueller, Carbondale, IL, for Plaintiff.

Robert Rath, Harrisburg, IL, for Defendant.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

At issue in this case is whether a judicial lien filed to collect an award of attorney fees entered in a paternity action against debtor, Craig Allen, comes within the exception of 11 U.S.C. § 522(f)(1)(A), which precludes avoidance of a judicial lien against exempt property if the lien secures a debt that is in the nature of support. Debtors Craig and Deborah Allen have filed a motion under § 522(f)(1)(A) to avoid the judicial lien of attorney Robert Rath as impairing an exemption of homestead claimed by them in their residence. Attorney Rath objects, asserting that his judicial lien secures a debt in the nature of support and is not subject to avoidance under § 522(f)(1)(A).

Section 522(f)(1)(A) provides that a debtor ... may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—

> (A) a judicial lien, *other than a judicial lien that secures a debt —*
>
> (i) *to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record* ...; and
>
> (ii) to the extent that such debt—
>
> ...
>
> (II) includes a liability designated as ... support, *unless such liability is actually in the nature of support* [.]

11 U.S.C. § 522(f)(1)(A) (emphasis added).

The debt at issue in this case arose out of a paternity action brought by attorney Rath on behalf of Craig Allen's daughter, Keisha Williams, prior to the debtors' bankruptcy filing.[1] The state court ordered Allen to pay Ms. Williams a total amount of $40,700, characterizing these payments as "child support ... for the period from [his daughter's] birth to her majority, and ... educational expenses ... after [she] attained majority to the time of this order...." Judgment was entered pursuant to section 14(b) of the Illinois Parentage Act of 1984 (750 Ill.Comp. Stat. 45/14(b) (1995)), which provides for an award of "child support" payments for a period "prior to the commencement of the [paternity] action," and pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (750 Ill.Comp.Stat. 5/513 (1995)), which provides for support for non-minor children and educational expenses.

In entering judgment for Ms. Williams, the state court specifically found that "[p]etitioner, [Keisha Williams], has no assets or income with which to pay or discharge attorney's fees and suit costs incurred on her behalf[,]" and further found that "[r]espondent [Craig Allen] should contribute to the suit costs and attorney's fees of [petitioner] in the amount of $7,500.00." (Obj. Mot. Avoid Lien, filed Nov. 12, 1997, Ex. A. at 6, par. 13.) The court, therefore, ordered as follows:

> Judgment should be and the same is hereby entered in favor of [Robert Rath] and against [Craig Allen] in the sum of $7,500.00, enforceable by [Robert Rath] against [Craig Allen] in the name of the judgment creditor, [Robert Rath].

*Id.*, 7, par. C.

Attorney Rath subsequently filed a memorandum of this judgment to create a lien in the amount of $7,500 on the debtors' residential real estate. The memorandum was filed in Rath's name and not on behalf of Ms. Williams.

Having sought bankruptcy protection, the debtors now move to avoid Rath's lien as impairing their homestead exemption and, upon his objection, seek to refute the assertion that Rath's fee award constitutes a debt in the nature of support within the meaning of § 522(f)(1)(A). The debtors first point to the unusual nature of the state court judgment in the paternity action, noting that the action was brought by the debtor's daughter after she reached the age of majority. They argue that since the daughter "didn't raise

---

1. The facts are undisputed.

herself," the amounts calculated by the state court cannot be characterized as back child support or reimbursement for living expenses. As a result, they maintain, the award of $40,700 to the debtor's daughter in the paternity action does not, itself, qualify as a "support" obligation referred to in § 522(f)(1)(A) and, therefore, attorney Rath's fees for obtaining that award cannot be characterized as "support."

■ This Court, despite the debtors' urging, declines to examine the merits of the state court's ruling in the paternity action or second-guess its determination that the debtor's daughter was entitled, pursuant to the statutes at issue, to the payment awarded.[2] Further, having reviewed both the order in that action and the pertinent statutes, the Court finds no basis to characterize the award to the debtor's daughter as anything other than "support." The statutes on which the order was premised specifically provide for payment of "child support" and require a determination of the amount of "support" based on the financial resources and net income of the child's parents, while the state court's order unambiguously describes the award as "child support." Notwithstanding the debtors' contention that the paternity award is not truly "support," they have failed to indicate what else it could be, leaving the Court to speculate fruitlessly. Indeed, the debtors' argument is undermined by their own bankruptcy petition in which they refer to the $40,700 award as "child support arrears" and include it on Schedule E as a priority debt. For these reasons, the Court finds no merit in the debtors' initial assertion that attorney Rath's fee award is not a support debt under § 522(f)(1)(A) because the underlying award in the paternity action fails to qualify as support.

■ The debtors argue in the alternative that even if the award to the debtor's

daughter is characterized as "support," the fee award to attorney Rath is nevertheless not a support obligation because the state court ordered the debtor to pay the fees directly to attorney Rath rather than to his daughter. It is well-established that attorney fees incurred to obtain a support award are, themselves, considered support and, when imposed against the debtor, are nondischargeable in a subsequent bankruptcy proceeding.[3] *See In re Rios*, 901 F.2d 71, 72 (7th Cir.1990); *In re Spong*, 661 F.2d 6, 11 (2d Cir.1981); *In re Beattie*, 150 B.R. 699, 703 (Bankr.S.D.Ill.1993). This Court has previously found that attorney fees incurred in a paternity action constitute nondischargeable support because the state court, in making an award of fees, is required to consider the relative financial resources of the parties and because, in the absence of such an award, the support recipient would have fewer funds to apply to necessary living expenses. *See In re Barbre*, 91 B.R. 846, 847 (Bankr.S.D.Ill.1988). While, in *Barbre*, no issue was raised concerning who was to receive the fee award, most courts have held that it is immaterial whether such an award is payable to the support recipient or owed directly to the attorney. *See 4 Collier on Bankruptcy*, ¶ 523.11[4], 523–79 to 523–80 (15th ed. rev.1997); *see also In re Kline*, 65 F.3d 749, 751 (8th Cir.1995); *In re Miller*, 55 F.3d 1487, 1490 (10th Cir.1995). Rather, the pertinent inquiry is whether payment has been ordered "in recognition and fulfillment of a duty to provide for the well-being of [the debtor's] child." *In re Cain*, 29 B.R. 591, 596 (Bankr.N.D.Ind.1983) quoting *In re Morris*, 14 B.R. 217, 219 (Bankr.D.Colo.1981).

■ Notwithstanding, the debtors note that the state court in this case gave no indication the debtor's daughter was herself liable for payment of Rath's fees if the debtor failed to pay. As a result, they contend,

---

2. At hearing, counsel stated that the debtors intend to seek reconsideration of the daughter's award in state court or, failing that, file an appeal from the state court order. This Court, however, cannot consider the possible outcome of such proceedings but must base its decision on the state court's order, which constitutes a final judgment.

3. While this rule derives from cases involving the dischargeability of support debts under 11 U.S.C. § 523(a)(5), it is equally applicable in this case involving the avoidability of a lien securing such a debt. The language of § 522(f)(1)(A), at issue here, mirrors that of § 523(a)(5) and was intended to be read coextensively with it. *See* H.R.Rep. No. 835, 103rd Cong., 2d Sess. 54 (1994), reprinted in 1994 U.S.C.C.A.N. 3363.

the fee award here is solely the obligation of the debtor rather than a support obligation to be paid by him on behalf of his daughter. The Court is unpersuaded by this argument. Although the state court's order does not expressly require the daughter to pay her own attorney's fees if the debtor fails to do so, there is no reason to assume attorney Rath agreed to work without compensation. If nothing else, the daughter could be liable in quantum meruit for the value of Rath's services rendered to her during the paternity action. *See In re Kline,* 65 F.3d at 750. In addition, even if it were found that attorney Rath agreed to waive compensation from his client, this charity on his behalf would not entitle her father, the debtor, to be released from responsibility for his daughter's expenses. *See In re Wisniewski,* 109 B.R. 926, 931 (Bankr.E.D.Wis.1990). Indeed, given the state court's finding that Ms. Williams was unable to pay Rath herself, it makes little difference what her legal liability is. Rather, as between attorney Rath and the debtor, the debtor, as Ms. Williams' father, should bear the costs of an action brought for her support.

While not completely analogous, this situation is similar to a custody dispute in which a guardian ad litem is appointed to represent the children and one of the parents is ordered to pay the legal fees of the children. If that parent later files for bankruptcy protection, he or she would be unable to escape liability for the fees even though the children, for whom the services were performed, would not be legally liable to pay the fees themselves. *See In re Brown,* 177 B.R. 116, 118 (Bankr.M.D.Fla.1994). In the same way, whether or not the daughter in this case is legally liable for payment of Rath's fees does not alter their character as a support obligation of the debtor.

The Court has considered the debtors, additional arguments relating to Rath's fee award and finds them to be without merit. Because the award was made directly to attorney Rath rather than to the debtor's daughter, his effort to enforce the award by filing a lien in his own name is entirely appropriate and does not bear on its nature as a support obligation of the debtor. Fur-

ther, although the state court commented that the debtor's vigorous defense of the paternity action served to increase the costs of litigation for his daughter, there is no indication that the court meant to punish the debtor by imposing judgment against him for Rath's fees. Finally, the fact that the court made detailed calculations of the amount of support to be awarded the daughter but failed to include the amount of Rath's fees in these calculations does not preclude the fee award from constituting a support obligation. Rather, it is clear from the order in the paternity action that the court followed the statutory guidelines in its calculations and further considered the parties' relative financial resources in ordering the debtor to bear the costs of his daughter's legal representation.

For the reasons stated, the Court finds that Rath's fee award imposed against the debtor in the state court paternity action constitutes a support debt within the exception of 11 U.S.C. § 522(f)(1)(A). As a result, the debtors may not avoid Rath's lien against their homestead property which secures this debt. Accordingly, Rath's objection to the debtors' motion to avoid lien is sustained, and the debtors' motion is denied.