271 B.R. 240 (2002)
In re S.S.,[1] Debtor.
V.M., Plaintiff,
v.
S.S., Defendant.
Bankruptcy No. 98-28977(RG). Adversary No. 98-2862(RG).
United States Bankruptcy Court, D. New Jersey.
January 9, 2002.
*241 *242 Caryl Wolfson Leightman, Springfield, NJ, for Plaintiff.
Elaine Harris, South Orange, NJ, for Debtor/Defendant.

OPINION
RAYMOND T. LYONS, Bankruptcy Judge.
This matter requires the court to determine whether a New Jersey statute which allows for an award of attorney's fees in a paternity suit may form the basis for an award of counsel fees in a nondischargeability action brought under 11 U.S.C. § 523. Because the American Rule in federal litigation prohibits the award of counsel fees except in certain narrow circumstances, the court concludes that the New Jersey statute does not allow the award of counsel fees in a nondischargeability action. The court in its discretion under Fed. R. Bankr.P. 7054(b) orders the debtor to pay the plaintiff's costs in the adversary proceeding in the amount of $503.26.
This court has jurisdiction under 28 U.S.C. § 1334(b)[2], 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(I).

FACTS
The facts of the underlying case are set forth in the October 8, 1997 decision of the Superior Court of New Jersey, Appellate Division ("Appellate Division"). V.M. ("Vincent") and S.S. ("debtor" or "Sara") had an intimate relationship but never married. Sara advised Vincent that she was pregnant with his child. On October 15, 1987 Sara, then receiving Aid to Families with Dependent Children, filed a form affidavit with the Ocean County Board of Social Services. In the affidavit Sara declared that she had not had sexual intercourse with any male except Vincent for 45 days before and 45 days after the probable date of conception. An order for paternity and child support was entered against Vincent on or about February 2, 1988.
After having paid child support for several years, Vincent filed an action to reopen the issue of filiation. The court ordered a Human Leukocyte Antigen ("HLA") test which statistically eliminated Vincent as the father of the child. Nevertheless, the Chancery Division ordered that Vincent's child support obligation continue. He appealed. In an unpublished opinion the Appellate Division ruled that Sara had committed fraud on the court *243 when she swore that she had not had sexual intercourse with any male except Vincent for 45 days before and after the probable date of the child's conception:
We agree that this sworn statement, which is obviously false, is a fraud on the court. Sara could reasonably have been mistaken or in doubt about who her daughter's father was. But it is not credible that she was unaware of the falsity of her statement that she did not have sexual relations with anyone other than Vincent for forty-five days before and forty-five days after [the child's] conception.
S.S. v. V.M., No. A-901-96T3, slip op. at 9 (App.Div., October 8, 1997). The Appellate Division vacated the orders for paternity and child support. Pursuant to N.J. Stat. Ann. § 9:17-54 ("The Parentage Act") and N.J.R. 4:42-9(a)(1), Vincent was awarded counsel fees and costs of $12,759.19 incurred in overturning orders for paternity and child support obtained by fraud.
When Vincent filed an application for wage garnishment to collect his judgment, the debtor filed a petition in bankruptcy under Chapter 7. Vincent filed an adversary complaint to determine that the judgment is nondischargeable under 11 U.S.C. § 523(a)(2), § 523(a)(4), § 523(a)(5) and § 523(a)(6).
During trial, the debtor's counsel conceded that the determination by the Appellate Division that the debtor had committed fraud on the court binds the bankruptcy court. This court found, consistently with Cohen v. de la Cruz, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), that the Superior Court judgment against the debtor for counsel fees and costs in the amount of $12,759.19 was a debt obtained by fraud and, therefore, nondischargeable under 11 U.S.C. § 523(a)(2)(A).
Plaintiff first requested counsel fees and costs for pursuing the nondischargeability action in the Proposed Findings of Fact and Conclusions of Law filed three days before trial. He did not request them in the adversary complaint. At trial the plaintiff reiterated his request for counsel fees in the nondischargeability action citing In re Scannell, 60 B.R. 562 (Bankr.W.D.Wis.1986). The court allowed the plaintiff to submit a memorandum on the issue and gave the debtor the opportunity to respond. The plaintiff requested counsel fees of $7,258.00 and costs of $503.26 for prosecuting the nondischargeability action. The plaintiff argued that these expenses also constitute a debt that arose from the debtor's fraud under Cohen v. de la Cruz, 523 U.S. 213, 218 and 222, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), and that In re MacDonald, 69 B.R. 259, 278 (Bankr.D.N.J.1986) authorizes the court to award counsel fees in any action brought to enforce a child support order. The debtor filed a letter of objection based only on her asserted inability to pay.

DISCUSSION
The creditor failed to comply with the procedural requirements of Fed. R. Bankr.P. 7008(b) for applying for counsel fees.
Fed. R. Bankr.P. 7008(b) compels a party who requests counsel fees in an adversary proceeding to plead the request:
Rule 7008. General Rules of Pleading.
. . .
(b) Attorney's Fees. A request for an award of attorneys' fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate.
Fed.R.Civ.P. 9(g), which is incorporated into the bankruptcy rules through *244 Fed. R. Bankr.P. 7009, treats attorney's fees as an item of special damage that must be "specifically stated" when claimed. "Requests for attorney's fees are items of special damage which must be specifically plead [sic] pursuant to Rule 9(g)." Maidmore Realty Co. v. Maidmore Realty Co., 474 F.2d 840, 843 (3d Cir.1973) (denying counsel fees in a non-bankruptcy foreclosure action); In re DeMaio, 158 B.R. 890, 892 (Bankr.D.Conn.1993) (denying counsel fees to the successful creditor in a nondischargeability proceeding); In re Odom, 113 B.R. 623, 625 (Bankr.C.D.Cal.1990) (denying counsel fees to the successful creditor in a nondischargeability proceeding).
The plaintiff failed to ask for counsel fees in the adversary complaint as required by Fed. R. Bankr.P. 7008(b). The plaintiff requested counsel fees for the first time in his Proposed Findings of Fact and Conclusions of Law which he filed three days prior to trial. As the plaintiff has failed to plead his request for attorney's fees as a claim in his adversary complaint as required by Fed. R. Bankr.P. 7008(b), his application for attorney's fees is denied. In re Odom, 113 B.R. at 625.
Even if the plaintiff had requested counsel fees properly, the American Rule bars his recovery of counsel fees under the circumstances of this case.
The plaintiff argues that, because the underlying paternity suit is governed by New Jersey law, he may rely upon New Jersey Court Rule N.J.R. 4:42-9(a)(1)[3], which sets forth the bases on which the Superior Court may award counsel fees in family actions, and upon N.J. STAT. ANN. 9:17-54, "The Parentage Act," which allows an award of counsel fees and costs in filiation proceedings:
9:17-54. Costs and fees.
The court may order reasonable fees of counsel, experts and the child's guardian ad litem, and other costs of the action and pre-trial proceedings, including blood or genetic tests, to be paid by the parties in proportions and at times determined by the court.
N.J. STAT. ANN. § 9:17-54.
The American Rule states that the prevailing party is not entitled to attorney's *245 fees unless certain limited exceptions apply. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and Fleischmann Distill. Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). The rule is based on the premise that parties should be afforded liberal access to the courts. Conditioning participation on the prospect of losing and paying the entire cost of litigation chills a litigant's rights. Fleischmann, 386 U.S. at 718, 87 S.Ct. 1404. The American Rule applies to litigation in bankruptcy court. In re Fox, 725 F.2d 661, 662 (11th Cir.1984).[4]
In Federal court attorney's fees may be awarded only under one of the following exceptions: (1) a contract provides for payment of attorney's fees; (2) a statute provides an allowance of attorney's fees; (3) a recovered fund or property confers a "common benefit," as in a class action suit; (4) a party willfully disobeys a court order; or (5) a court finds that the losing party has acted "`in bad faith, vexatiously, wantonly or for oppressive reasons.'" Cityside Archives, Ltd. v. New York City Health and Hosp. Corp., 37 F.Supp.2d 652, 656-657 (D.N.J.1999), citing Skehan v. Board of Trustees of Bloomsburg State College, 538 F.2d 53, 56 (3d Cir.), cert. denied, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976) (internal citations omitted). These exceptions have developed in a sequence of United States Supreme Court cases. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Fleischmann Distill. Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967) (contract and statutory exceptions); Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) (benefit conferred upon a class of litigant); Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88, reh'g denied, 370 U.S. 965, 82 S.Ct. 1578, 8 L.Ed.2d 834 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27, reh'g denied, 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991) (bad faith). Exceptions (1), (3), (4) and (5) have no application to this case.
When applying the statutory exception (2) to the American Rule, the court examines whether the right that is vindicated in the bankruptcy proceeding arises under state law or under federal law. The court distinguishes carefully between the law that generates the underlying debt and the law that governs the bankruptcy proceeding. Actions in bankruptcy court on debts which arise under a state statute do not automatically support an award of counsel fees in bankruptcy court. In re Fobian, 951 F.2d 1149, 1153 (9th Cir.1991), cert. denied, Western Farm Credit Bank v. Fobian, 505 U.S. 1220, 112 S.Ct. 3031, 120 L.Ed.2d 902, cert. denied, Fobian v. Western Farm Credit Bank, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).
Determining whether the right vindicated in the bankruptcy proceeding arises under federal law or state law is straightforward. In re Seaway Exp. Corp., 105 B.R. 28, 31-32 (9th Cir. BAP 1989), aff'd, 912 F.2d 1125 (9th Cir.1990). In In re Coast Trading Co., 744 F.2d 686, 693 (9th Cir.1984), a buyer paid for goods with a subsequently dishonored check, then filed for bankruptcy. Although the state statutes governing dishonored checks allowed counsel fees to the prevailing party, the action to declare the buyer's debt nondischargeable under was a pure bankruptcy proceeding controlled by federal law. The *246 bankruptcy court therefore denied counsel fees to the seller, who prevailed in the nondischargeability proceeding. In re Coast Trading, 744 F.2d at 693. See also In re Johnson, 756 F.2d 738, 741 (9th Cir.), cert. denied, Johnson v. Righetti, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985) (debtors not entitled to the attorney's fees allowed by state statute in a contract action, as the proceeding in bankruptcy court addressed only the stay and was not an action to enforce the contract).
The statutory exception to the American Rule does not apply to allow the Court to invoke the Parentage Age, N.J. Stat. Ann. § 9:17-54, or New Jersey's Rules of Court to award counsel fees in the creditor's nondischargeability action.
Under the analysis for the statutory exception to the American Rule, the bankruptcy court cannot award attorney fees based on the Parentage Act. The plaintiff's nondischargeability action was not governed by the Parentage Act and did not address the enforcement or vindication of a right generated by the Parentage Act. The issue before the court in the plaintiff's adversary complaint was the nondischargeability of the debtor's debt under 11 U.S.C. § 523. Because the right vindicated in bankruptcy court arose as a federal claim under 11 U.S.C. § 523 and not as a state claim under N.J. STAT ANN. § 9:17-54, the statutory exception to the American Rule does not apply to allow the court to invoke the Parentage Act to award the plaintiff counsel fees for the adversary proceeding. For the same reason New Jersey's Rules of Court cannot serve as a basis for awarding counsel fees.
This result is consistent with In re Barbre, 91 B.R. 846, 848-849 (Bankr.S.D.Ill.1988), where the custodial parent sought nondischargeability of a judgment against the debtor for child support arrears and attorney's fees awarded in state court. In addition the plaintiff sought attorney's fees for the nondischargeability action under the state statute that granted fees in paternity proceedings. The bankruptcy court held the entire judgment for child support arrears and state court attorney's fees nondischargeable but denied the plaintiff's request for attorney's fees for the nondischargeability action. In re Barbre, 91 B.R. at 849. The court declared that it had no authority to make an award under the state parentage act, which it considered part of the domestic financial support system to be administered by the state court, and had no other authority to award attorney's fees in nondischargeability proceedings. In re Barbre, 91 B.R. at 849.
The court in Barbre declined to apply In re Scannell, 60 B.R. 562, 567 (Bankr.W.D.Wis.1986), upon which debtor, Sara, asks this court to rely. The court in Scannell, 60 B.R. at 567, without acknowledging the American Rule, awarded a creditor spouse counsel fees for the nondischargeability action which she prosecuted to protect various support awards from discharge. The court in Scannell appropriated the practice in diversity cases of granting the attorney's fees allowed under state statute, as the litigant may have been compelled unwillingly to litigate in the federal forum rather than in the state forum and should not be deprived of a state law remedy on that basis. In re Scannell, 60 B.R. at 567. The court in Scannell awarded attorney's fees in derogation of the American Rule ("Such an award is proper since no federal law or rule purports to affirmatively proscribe the award." In re Scannell, 60 B.R. at 567.) This court will not apply the result in Scannell. The result in Barbre comports with the American Rule.
*247 Cohen v. de la Cruz, 523 U.S. 213 (1998) is distinguishable and does not allow the court to invoke the Parentage Age, N.J. Stat. Ann. § 9:17-54, to award counsel fees to the plaintiff.
The plaintiff cites In re Cohen, 185 B.R. 180, 189-190 (Bankr.D.N.J.1995); aff'd, 191 B.R. 599 (D.N.J.1996), aff'd 106 F.3d 52 (3d Cir.1997), aff'd, Cohen v. de la Cruz, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) as a basis for awarding him attorney's fees in the nondischargeability action. The plaintiff interprets the Cohen cases to mean that all damages arising from the debtor's fraud (including counsel fees in the nondischargeability action) are nondischargeable. For the reasons set forth below, this court distinguishes the Cohen cases and holds that they do not apply to authorize an award of counsel fees in this matter.
The courts in Cohen focused upon the nondischargeability of punitive damages authorized by state statute. The bankruptcy court in In re Cohen, 185 B.R. at 189-190, relied upon the Consumer Fraud Act, N.J. Stat. Ann. § 56:8-19, to award punitive damages, along with attorney's fees and costs, to the successful tenants in a landlord-tenant dispute. Before the adversary complaint, the tenants' claim had never been subject to court proceedings, and there had never been an adjudicated award of attorney's fees. The pivotal issue for the bankruptcy court was whether the punitive damages and attorney's fees which it was about to award as the first court to hear the case were nondischargeable under 11 U.S.C. § 523(a)(2)(A). Having concluded that the landlord had violated the New Jersey Consumer Fraud Act, the bankruptcy court found that the tenants were entitled to a nondischargeable judgment equal to three times the amount stipulated to the rent leveling board plus reasonable attorney's fees and costs. Cohen, 185 B.R. at 189-190.
The district court, court of appeals and Supreme Court affirmed the principle that noncompensatory (punitive), statutory damages are nondischargeable under 11 U.S.C. § 523(a)(2). Cohen, 191 B.R. at 609 (D.N.J.); 106 F.3d at 58-59 (3d Cir.); and 523 U.S. at 222, 118 S.Ct. 1212. The Supreme Court also held that 11 U.S.C. § 523(a)(2)(A) "bars the discharge of all liability arising from fraud." Cohen, 523 U.S. at 222, 118 S.Ct. 1212. None of the courts in Cohen, particularly the Supreme Court, addressed the American Rule or characterized the result as expanding the exceptions to allow counsel fees generally to the prevailing party in a nondischargeability action for fraud or on another basis. At most the result is consistent with the statutory exception which states that the bankruptcy court may award counsel fees allowed by state statute when the issue decided in the bankruptcy court vindicates a state law claim. As explained above, in the instant case, the plaintiff's nondischargeability action simply vindicated his federal rights under the Bankruptcy Code and was not brought pursuant to a state statute or state law claim.
The plaintiff cites In re MacDonald, 69 B.R. 259, 278 (Bankr.D.N.J.1986), to support her application for attorney's fees. In MacDonald the bankruptcy court awarded attorney's fees and costs to the prevailing non-debtor spouse for the expense that she incurred in prosecuting her adversary complaint. The court declared, "It is well settled that legal fees and costs expended by a non-debtor spouse for enforcement of nondischargeable debts are similarly non-dischargeable." In re MacDonald, 69 B.R. at 278. The court in MacDonald attributed this proposition without explanation to In re Dorman, 3 C.B.C.2d 497 (Bankr.D.N.J.1981), and In re Romeo, 16 *248 B.R. 531 (Bankr.D.N.J.1981). Both Dorman, 3 C.B.C.2d at 502, and Romeo, 16 B.R. at 537, simply state that counsel fees awarded in state court to enforce support awards are nondischargeable in bankruptcy. As the statement in MacDonald quoted above does not analyze the American Rule, this court will not rely on that decision as a basis for awarding counsel fees to the plaintiff for prosecuting the nondischargeability action.
Costs may be awarded under Fed. R. Bankr.P. 7054(b).
The court in its discretion may award costs in an adversary proceeding.
Rule 7054. Judgments; Costs.
. . .
(b) Costs. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.
Fed. R. Bankr.P. 7054(b). Fed.R.Civ.P. 54(d), that makes the award of costs to the prevailing party mandatory in other federal cases, is not incorporated into Fed. R. Bankr.P. 7054. In re Celotex Corp., 251 B.R. 163, 165 (Bankr.M.D.Fla.2000); In re Investment Bankers, Inc., 135 B.R. 659, 670 (Bankr.D.Colo.1991), aff'd, 161 B.R. 507 (D.Colo.1992), aff'd, 4 F.3d 1556 (10th Cir.1993), cert. denied, Davis, Gillenwater & Lynch v. Turner, 510 U.S. 1114, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994) (deeming the award of costs discretionary in all instances and essentially compensatory); In re Robertson, 105 B.R. 504, 507 (Bankr.D.Minn.1989) (confirming that Fed.R.Civ.P. 54(d) has no application in bankruptcy court).
The Third Circuit has not fully addressed the award of costs under Fed. R. Bankr.P. 7054(b) in a published opinion. In In re Gioioso, 979 F.2d 956, 963 (3d Cir.1992), the Third Circuit reversed the decision of the bankruptcy court and of the district court, which declined to award costs to a creditor in an adversary proceeding, after the bankruptcy court denied the debtor discharge under 11 U.S.C. § 727(a). Under Fed R. Bankr P. 7054(b) the Third Circuit determined that the bankruptcy court erred in deeming the denial of discharge a "sufficient sanction" against the debtor, in asserting without investigating that the debtor lacked ability to pay, and in deeming inability to pay dispositive. In re Gioioso, 979 F.2d at 963. As bad faith pervaded the debtor's conduct, the Third Circuit found a sanction mandatory under Fed R. Bankr P. 9011 and an award of costs mandatory under Fed R. Bankr P. 7056(g) (expenses awarded against a party which files false affidavits) and appropriate under Fed. R. Bankr P. 7054(b) (unless fact-finding showed that it would be "futile" to order the debtor to pay). In re Gioioso, 979 F.2d at 960, 961 and 962. As the following footnote indicates, the court in Gioioso did not establish a standard for awarding costs under Fed. R. Bankr.P. 7054(b) or even commit to a list of factors to be considered:
Although the courts within the Third Circuit have not yet addressed a 7054(b) award of costs in a published opinion, we note that courts elsewhere have denied costs because of a complete absence of bad faith or frivolity . . . because of a prevailing party's unnecessary multiplication of proceedings . . . or because the party seeking costs was not technically a "prevailing party,". . . . Costs have been taxed in favor of a prevailing party without explanation . . . and costs have been taxed in favor a party prevailing on a motion to disqualify an attorney [previously disqualified].
In re Gioioso, 979 F.2d at 963, n. 10 (internal citations omitted). The court in In re Celotex, 251 B.R. 163, 166 (Bankr.M.D.Fla.2000) observed that the discretionary standard has eluded most courts. Factors *249 which the court in Celotex observed in other cases but did not adopt include a comparison of the equities among the parties; a "cost-benefit" analysis of what the litigation accomplished; and the debtor's ability to pay. In re Celotex, 251 B.R. at 166-167. The court concluded that "the tendency is to authorize costs" in bankruptcy cases and to leave to discussion which costs to authorize. In re Celotex, 251 B.R. at 166; In re D & B Countryside, L.L.C., 217 B.R. 72, 75 (Bankr.E.D.Va.1998) (because the award of costs is discretionary under Fed. R. Bankr.P. 7054(b), after the applicant establishes that a cost is proper under the federal statute, the burden shifts to the opposing party to prove that the cost should not be allowed).
28 U.S.C. § 1920 allows costs for the following expenses:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case, and upon allowance included in the judgment or decree.
28 U.S.C. § 1920.
The statement of services submitted by Vincent's attorney for the adversary proceeding indicates that she billed $663.50 in costs but requested only $503.26 in reimbursement. Of that $663.50, $150.00 is for the filing fee, an allowable cost under 28 U.S.C. § 1920(1), and $400.74 is for photocopying, an allowable cost under 28 U.S.C. § 1920(3). As the sum of these exceeds the amount sought by Vincent's attorney, the court finds that the $503.26 requested is an allowable cost.
The financial data show that Sara has the ability to pay these costs. Sara certifies that she earns $23,088.00 annually, and her pay stub indicates the potential to earn overtime. Her husband's pay stub shows an annual income of $57,804.47 per year, for a gross household income of at least $80,892.47. In the court's discretion under Fed. R. Bankr.P. 7054(b) the court orders Sara to pay Vincent $503.26 in costs as the prevailing party in the adversary proceeding.

CONCLUSION
For the reasons set forth above, the court concludes that no exception under the American Rule applies to allow the court to make an award of attorney's fees to the plaintiff for the expenses that he incurred in successfully prosecuting the nondischargeability action in bankruptcy court. The court awards the plaintiff $503.26 for costs.
NOTES
[1] The parties filed the petition and the adversary proceeding under their proper names as required by FED.R.CIV.P. 10(a). In deference to the minor child involved and to the Appellate Division of the Superior Court of New Jersey, this court in its discretion refers to the parties by the initials and pseudonyms adopted by the Appellate Division, as the case addresses issues of the "utmost intimacy" to the parties. Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992); Doe v. Stegall, 653 F.2d 180, 186 (5th Cir.), reh'g denied, 659 F.2d 1075 (5th Cir.1981).
[2] All references to the U.S.C. and N.J. STAT. ANN. are to the West 2001 edition.
[3] The version of N.J.R. 4:42-9(a)(1) in effect in 1997-1998 when the Appellate Division instructed the Chancery Division to make a determination of counsel fees and costs states:

4:42-9. Counsel fees.
(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except
(1) In a family action, the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for . . . support . . . custody, visitation . . . and claims relating to family type matters in actions between unmarried persons.
PRESSLER, Current N.J. COURT RULES, (GANN 1998), R. 4:42-9(a)(1). The current rule provides
4:42-9. Counsel fees.
(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except
(1) In a family action, a fee allowance both pendente lite and on final determination may be made pursuant to R. 5:3-5(c).
PRESSLER, Current N.J. COURT RULES, (GANN 2001), R. 4:42-9(a)(1). N.J.R. 5:3-5(c) provides:
5:3-5. Attorney Fees and Retainer Agreements in Civil Family Actions; Withdrawal.
. . .
(c) Award of Attorney Fees. Subject to the provisions of R. 4:42-9(b), (c), and (d), the court in its discretion may make an allowance . . . to . . . any party successful in the action, on any claim for . . . support . . . custody, parenting time . . . and claims relating to family type matters in actions between unmarried persons.
PRESSLER, Current N.J. COURT RULES, (GANN 2001), R. 5:3-5(c).
[4] 11 U.S.C. § 523(d) allows attorney's fees to the debtor if the creditor's application for nondischargeability under 11 U.S.C. § 523(a)(2) is not "substantially justified."