**In re Orville B. NICHOLS, II, Debtor.**

**Bankruptcy No. 97–03255–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

May 28, 1998.

---

Neal Tomlins, Tulsa, OK, for Debtor.

Richard T. Garren, Tulsa, OK, for Creditor.

TERRENCE L. MICHAEL, Bankruptcy Judge.

*MEMORANDUM OPINION REGARDING MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES*

THIS MATTER comes before the Court pursuant to the Motion by Gail [sic] Nichols for Award of Costs and Attorney's Fees (the "Motion") filed by Gayle Nichols, a creditor herein ("Ms. Nichols"), on March 27, 1998, and the Objection to Motion for Award of Costs and Attorneys [sic] Fees (the "Objection") filed by Orville B. Nichols, II, Debtor herein ("Mr. Nichols"), on April 14, 1998. Ms. Nichols filed a Reply to Debtor's Objection to Motion for Award of Costs and Attorneys [sic] Fees (the "Reply") on April 24, 1998. Ms. Nichols seeks an award of attorney's fees and costs against Mr. Nichols on the grounds that the bankruptcy was filed in bad faith. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (O).

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (West 1998).

### Background

Mr. Nichols filed this Chapter 11 bankruptcy case (the "Case") on July 16, 1997. Ms. Nichols is the estranged wife of Mr. Nichols. Divorce proceedings have been pending between Mr. and Ms. Nichols in the Tulsa County District Court (the "State Court"), entitled *Gayle L. Nichols v. Orville B. Nichols,* FD 94–00230 (the "Divorce Action") for over four years.[2] On October 28, 1997, Ms. Nichols filed a Motion to Dismiss (the "Motion") the Case on the grounds that it was filed by Mr. Nichols for the sole purpose of avoiding obligations imposed upon him by the State Court in the Divorce Action. *See Docket No. 65.* The Court conducted an evidentiary hearing on the matter on January 26, 1998. Thereafter, on March 10, 1998, this Court issued its memorandum opinion and order dismissing the Case. *See Docket Nos. 116 & 117.* The memorandum opinion included the following analysis:

> In sum, considering the totality of the circumstances, the Court finds that this case was not filed in good faith. The Court further finds that use of the bankruptcy court to resolve a marital dispute is rarely if ever appropriate, and is certainly not appropriate on the facts presently before it. The Court emphasizes that "[i]t is appropriate for bankruptcy courts to avoid incursion into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state brethren and their established expertise in such matters.'" *In re Thaggard,* 180 B.R. at 663 (citation omitted). Since the Debtor's estate cannot be reorganized without finalizing the divorce and equitable property division, and conversely the divorce cannot be finalized while the Debtor's estate is in bankruptcy, this Court can find no legitimate purpose or benefit for retaining this Debtor and his estate in the Chapter 11 bankruptcy. Therefore, the Motion to Dismiss under § 1112(b) is granted.

*In re Nichols,* No. 97–03255–M at 18 (Bankr. N.D.Okla. March 10, 1998). Ms. Nichols now

---

2. The Divorce Action was filed on January 18, 1994, approximately three and one half years prior to the filing of this bankruptcy.

seeks an award of attorney's fees and costs pursuant to Fed. R. Bankr.P. 9011, Fed. R. Bankr.P. 7054, and the Court's general equitable powers under § 105 of the Bankruptcy Code, arguing that the conduct of Mr. Nichols in filing the Case justifies an award of attorney's fees.

## Conclusions of Law

The Court has reviewed the Motion, the Objection and the Reply. The issue is whether Ms. Nichols should be awarded attorney's fees and costs pursuant to Fed. R. Bankr.P. 9011, Fed. R. Bankr.P. 7054 and/or the Court's general equitable powers under § 105. This marks one of the first forays of this Court into the area of attorney fee awards.[3] The Court concludes that an award of fees is not appropriate in this case.

### Attorneys' Fees and the "American Rule"

■■■ The effect of the relief sought by Ms. Nichols would be to award her attorney's fees as a prevailing party. The award of attorneys' fees to a prevailing party runs contrary to established principle. As another bankruptcy court has noted:

> [I]n absence of any statutory authority to award attorneys' fees, the Court will adhere to the "American Rule," which provides that in cases that are based upon or involve federal law, attorneys' fees are not allowable absent a statutory basis or enforceable contract between the parties.

*In re Baker*, 205 B.R. 125, 135 (Bankr. N.D.Ill.1997) (citations omitted). The policy consideration underlying the American Rule is that because "litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel."

*Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765 (10th Cir.1997) (citations omitted). Under the American Rule, attorneys' fees are not considered as an element of damages which a party suffers as a result of litigation. This Court believes the American Rule is applicable to bankruptcy cases and will not shift fees between the parties as a matter of course.

In addition, the Case was dismissed under § 1112(b). An award of attorneys' fees is not specifically provided for under § 1112. *See* 11 U.S.C. § 1112 (West 1998). Congress has demonstrated the ability to provide for the award of attorneys' fees in bankruptcy cases when it so desires. *See* 11 U.S.C. § 523(d) (West 1998) (providing for the award of fees against a creditor who brings an action under § 523 which is not substantially justified). Because § 1112 does not provide for the award of attorneys' fees, the Court will not as a matter of course award attorney's fees to Ms. Nichols.

### Attorneys' Fees as a Sanction Under Bankruptcy Rule 9011

■■■ Ms. Nichols also relies upon Bankruptcy Rule 9011 to support her request for an award of attorney's fees. Bankruptcy Rule 9011(b) reads as follows:

**(b) Representations to the court**

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

3. The Court has previously awarded attorney's fees incurred by a debtor and sanctions as a result of a violation of the automatic stay provisions of § 362 of the Bankruptcy Code by a debtor. *See In re Diviney*, 211 B.R. 951 (Bankr.N.D.Okla.1997).

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Bankruptcy Rule 9011(b) (West 1998). The Tenth Circuit has held that the advancement of a "colorable argument" is sufficient in and of itself to deny the award of attorneys' fees. *See In re Edmonds,* 924 F.2d 176, 181–182 (10th Cir.1991). As another court has noted,

> Bankruptcy Rule 9011 sanctions should not be utilized to penalize attorneys for taking novel, innovative positions. The mere absence of legal precedent, the presentation of unreasonable legal argument, or the failure to prevail on the merits of a particular contention does not justify the imposition of sanctions. In evaluating a filed document under former Rule 11, 'a court must take care not to penalize arguments for legal evolution.'

*In re Kaliana,* 207 B.R. 597, 603 (Bankr. N.D.Ill.1997) (citations omitted).[4] Parties must be allowed to fully advocate the position of their client within the parameters of Bankruptcy Rule 9011 without the specter of fee awards looming in the shadows.

The Court finds that Mr. Nichols asserted a "colorable argument" regarding the filing of the bankruptcy. Although this Court and a majority of other bankruptcy courts have refused to become entangled in divorce litigation and act as 'super divorce courts,' not all courts have taken such a position. *See In re Thaggard,* 180 B.R. 659, 663 (M.D.Ala.1995)(holding that bankruptcy courts should avoid incursions into family law); *see In re Simeone,* 214 B.R. 537, 544 (Bankr.E.D.Pa.1997)(a bankruptcy court may in rare cases determine equitable distribution issues between divorcing spouses and holding that need for bankruptcy court abstention from such issues is often overstated). At the time this case came before the Court, this Judge had not previously ruled on the issue of whether he would determine equitable distribution issues in a debtor's divorce action.[5] It was not unreasonable for Mr. Nichols to try to persuade the Court to determine equitable distribution issues in the Divorce Action. Even though he ultimately failed to convince the Court, Mr. Nichols should not be sanctioned for attempting to do so.

**Award of Attorneys' Fees Using the Court's Equitable Power Under 11 U.S.C. § 105**

■■■■ It is also within the bankruptcy court's inherent and equitable power to sanction a party for their bad faith conduct. *In re Weiss,* 111 F.3d 1159, 1171, *cert. denied,* —— U.S. ——, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997)(citing *Chambers v. NASCO, Inc.* 501 U.S. 32, 43–44, 111 S.Ct. 2123, 2132–33, 115 L.Ed.2d 27 (1991)). "A court may invoke its inherent power in conjunction with, or instead of, other sanctioning provisions such as Rule 9011." *Id.* (citations omitted). The Court's inherent power to sanction is codified in § 105 of the Bankruptcy Code stating in pertinent part:

> (a) The **court** may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (West 1998)(emphasis added). The Court's inherent power to sanction "is based on the need to control court proceedings and the necessity of protecting the exercise of judicial authority in connection with those proceedings." *In re Generes,* 165 B.R. at 1021. The Court must be its own guardian in protecting judicial integrity and preventing abuse of process. However, when invoking inherent powers to sanction independently or in conjunction with Fed. R.

---

**4.** Federal Rule of Bankruptcy Procedure 9011 closely follows the language of Federal Rule of Civil Procedure 11, and therefore cases interpreting Fed.R.Civ.P. 11 may be used in considering violations under Fed. R. Bankr.P. 9011. *In re Rex Montis Silver Co.,* 87 F.3d 435, 437 (10th Cir.1996); *In re Edmonds,* 924 F.2d 176, 181 (10th Cir.1991); *In re Weiss,* 111 F.3d 1159, 1170 (4th Cir.1997).

**5.** This Judge was appointed to the bench on June 9, 1997.

Bankr.P. 9011, the courts have generally found subjective bad faith and vexatious, wanton and oppressive conduct. *See In re Heck's Properties, Inc.*, 151 B.R. 739, 765 (S.D.W.Va.1992) ; *see Chambers v. NASCO*, 501 U.S. at 43–44, 111 S.Ct. at 2132–2133. As stated above, the Court found that Mr. Nichols advanced a colorable legal argument and did not act in subjective bad faith. The Court does not find conduct so vexatious, wanton or oppressive to justify sanctions. Therefore, the Court will not award sanctions against Mr. Nichols under its inherent and equitable powers.

### Award of Costs under Federal Rule of Bankruptcy Procedure 7054

 Ms. Nichols further requested an award of costs and attorney's fees under Fed. R. Bankr.P. 7054 as a sanction against Mr. Nichols. The Court will only consider an award of costs pursuant to Fed. R. Bankr.P. 7054,[6] which states in pertinent part:

> The court **may** allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Bankr.P. 7054 (West 1998)(emphasis added). The allowance of costs under Fed. R. Bankr.P. 7054 is discretionary with the Court. *See id.; see In re Dubrowsky*, 206 B.R. 30, 40 (Bankr.E.D.N.Y.1997); *see also* 10 King et al., Collier on Bankruptcy ¶ 7054.00 (15th ed.1998). Since it is within the Court's sound discretion to award costs, and pursuant to its findings of lack of subjective bad faith or wanton, vexatious or oppressive conduct, the Court also declines to award costs.

### Conclusion

The Court awarded Ms. Nichols the appropriate remedy by dismissing the Case. This Court "regard[s] an award of fees against an opposing party to be a severe measure which

this Court reserves for exceptional circumstances ...." *In re Generes*, 165 B.R. 1011, 1022 (N.D.Ill.1994) (overruled on other grounds). It is this Court's policy that each litigant shall bear his or her own burden in litigating their respective causes, absent exceptional circumstances. One may not attempt to shift fees from the prevailing party to the losing party under the guise of awarding sanctions. Sanctions are left to what the Court hopes will be the rare circumstance of truly outrageous conduct, where a party proceeds in this Court with total disregard for the applicable facts, the applicable law, or both.

A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

### JUDGMENT REGARDING MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES

THIS MATTER comes before the Court pursuant to the Motion by Gail [sic] Nichols for Award of Costs and Attorney's Fees filed by Gayle Nichols, a creditor herein, on March 27, 1998, and the Objection to Motion for Award of Costs and Attorneys [sic] Fees filed by Orville B. Nichols, II, Debtor herein on April 14, 1998. Ms. Nichols filed a Reply to Debtor's Objection to Motion for Award of Costs and Attorneys [sic] Fees on April 24, 1998.

The issues having been duly considered and a decision having been duly rendered, for the reasons set forth in the memorandum opinion filed concurrently herewith,

IT IS HEREBY ORDERED that the Motion by Gail Nichols for Award of Costs and attorney's Fees filed on March 27, 1998, be, and the same hereby is, denied.

---

**6.** Attorneys' fees are generally not available under Rule 7054. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717–718, 87 S.Ct. 1404, 1406–1407, 18 L.Ed.2d 475 (1967). The Court is aware that attorneys' fees can be awarded as an exception to the general rule if provided for under a statute or under Rule 9011. *See* Colliers at ¶ 7054.05. As explained above, the Court will not award attorneys' fees except in the most extreme of circumstances and declines to do so in this case.