189 F.3d 86 (2nd Cir. 1999)
 In Re: KEREN LIMITED PARTNERSHIP, Debtor,
CUSHMAN & WAKEFIELD OF CONNECTICUT, INC., and CUSHMAN & WAKEFIELD, INC., Creditors-Appellants,
v.
KEREN LIMITED PARTNERSHIP, Debtor-Appellee,
SWISS BANK CORPORATION a/k/a UBS AG, Appellee.
 Docket No. 98-5074
August Term, 1998
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued: July 12, 1999
Decided: Aug. 27, 1999
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Barrington D. Parker, Jr., Judge) affirming a decision of the Bankruptcy Court (Adlai S. Hardin, Jr., Bankruptcy Judge) refusing to grant Cushman & Wakefield's motion to be retained nunc pro tunc as a professional or to classify its brokerage commission as a post-petition administrative expense. We affirm.
 EDWARD H. TILLINGHAST, III, Coudert Brothers, New York, New York, for Creditors-Appellants.
 DAVID C. ALBALAH, Kaye, Scholer, Fierman, Hays & Handler LLP (Andrew A. Kress, of counsel), New York, New York, for Debtor-Appellee.
 JONATHAN B. ALTER, Bingham Dana LLP (Robert M. Dombroff, Jared R. Clark, of counsel), New York, New York, for Appellee.
 Before: WINTER, Chief Judge, WALKER, and CABRANES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cushman & Wakefield of Connecticut, Inc., and Cushman & Wakefield, Inc. (collectively "C&W") appeal from a judgment by Judge Parker affirming Bankruptcy Judge Hardin's refusal to grant C&W's motion to be retained nunc pro tunc as a professional or to classify its brokerage commission as a post-petition administrative expense. C&W contends that (i) the bankruptcy court abused its discretion in refusing to grant nunc pro tunc approval and (ii) it is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(1)(A). We affirm.
 
 
 2
 The background is set forth in the district court's opinion. See In re Keren Ltd. Partnership, 225 B.R. 303, 304-05 (S.D.N.Y. 1998).
 
 
 3
 C&W first argues that the bankruptcy court abused its discretion in refusing to grant nunc pro tunc approval for its performing brokerage services, which would give it administrative priority pursuant to 11 U.S.C. § 503(b)(2). Nunc pro tunc approval should only be granted in narrow situations and requires that (i) if the application had been timely, the court would have authorized the appointment, and (ii) the delay in seeking court approval resulted from extraordinary circumstances. See, e.g., In re Jarvis, 53 F.3d 416, 420-21 (1st Cir. 1995). We review a bankruptcy court's decision regarding such approval for abuse of discretion, seeid. at 420, and affirm for substantially the reasons stated by the district court. SeeKeren Ltd. Partnership, 225 B.R. at 306-07.
 
 
 4
 C&W further contends that its brokerage commission should have been allowed as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). (Such expenses are given priority pursuant to 11 U.S.C. § 507(a)(1).) Section 503(b)(1)(A) requires allowance of administrative expenses including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case[.]" Section 503(b), however, contains a specific provision for the allowance of expenses such as brokerage commissions. That provision, Section 503(b)(2), permits administrative priority for "compensation and reimbursement" to, inter alia, professionals that have received preapproval by a bankruptcy court. Id. § 503(b)(2); see also id. §§ 327, 330(a).
 
 
 5
 Because C&W received neither preapproval nor nunc pro tunc approval, Section 503(b)(2) does not apply. Moreover, a broker or other professional generally may not avoid the requirements of Sections 327 and 330 by seeking administrative expense allowance under Section 503(b)(1)(A) rather than Section 503(b)(2). See In re F/S Airlease II, Inc., 844 F.2d 99, 109 (3d Cir. 1988) ("If [a broker] were able to be compensated under Section 503(b)(1)(A), it would render section 327(a) nugatory and would contravene Congress' intent in providing for prior approval [for the retention of professionals].").
 
 
 6
 We need not decide whether, in general, performance under a pre-petition executory contract that has neither been assumed nor rejected and that demonstrably benefits the estate can be afforded administrative expense priority as is suggested in Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 27-28 (2d Cir. 1996), and 4 Collier on Bankruptcy ¶ 503.06[6][c] & [6][c][v] (15th ed. 1999) (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984)). Assuming, arguendo, that the contract was executory and C&W's performance benefitted the estate, C&W's claim will still fail for lack of court approval. It is plain from the Code that compensation for professional services will only be an administrative expense when approved by the court. An executory contract cannot be assumed without court approval, see § 365(a), and Section 327(a) contemplates that professionals may only be employed subject to court approval. Since C&W's contract is for payment in exchange for professional services and it has not been assumed with court approval, C&W's claims under the contract will not be considered an administrative expense.
 
 
 7
 We therefore affirm.