In the Matter of The CELOTEX
CORPORATION, et al.,
Debtors.

The Celotex Corporation,
et al., Plaintiff,

v.

AIU Insurance Company,
et al., Defendants.

Bankruptcy Nos. 90–10016–
8B1, 90–10017–8B1.
Adversary No. 91–40.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 20, 2000.

---

William S. Daskam, IV, Tampa, FL.

Phillip Stahl, Todd Jacobs, Chicago, IL.

Deborah M. Paris, Paris & Associates, Tampa, FL.

Robert J. Bates, Maryann C. Hayes, Chicago, IL.

Charles P. Schropp, Schropp Buell & Elligett, Tampa, FL.

G. Bartram Billbrough, Miami, FL.

Robert H. Berkes, Peterson & Ross, Los Angeles, CA.

David P. Donovan, Lynn Bregman, Wilmer Cutler, Washington, D.C.

Rick Dalan, Clearwater, FL.

Reggie Griner, Rodney L. Eshelman, Don Ramsey, San Francisco, CA.

David C. McLauchlan, Fred Alvarez, Lord Bissell & Brook, Chicago, IL.

Thomas B. Mimms, Tampa, FL.

Leon B. Kellner, Leslie R. Cohen, Dickstein Shapiro et al., Washington, DC.

Gregory J. Willis, Ft. Lauderdale, FL.

William J. Bowman, James P. Ruggeri, Washington, DC.

W. Gray Dunlap, Jr., Frank, Schabacker et al., Tampa, FL.

Jeffrey A. Aman, Tampa, FL.

Matthew J. Gehringer, Cahill Christian Kunkle, Chicago, IL.

Celotex Corporation, Attn.: George N. Wood, Tampa, FL.

Sara Kistler, Assistant U.S. Trustee.

Kevin E. Irwin, Cincinnati, OH.

David S. Shrager, Philadelphia, Pa.

James L. Patton, Young, Conaway et al., Wilmington, DE.

Jeffrey W. Warren, Bush Ross et al., Tampa, FL.

## ORDER ON BILLS OF COST AND OBJECTION TO BILLS OF COSTS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Applications for Costs pursuant to Fed. R. Bankr.P. 7054 by various Defendant Excess Insurance Companies (collectively the "Defendants") in this adversary proceeding filed by Celotex Corporation and Carey Canada, Inc. (collectively the "Debtor"). Pursuant to confirmation in this Chapter 11 case,[1] the Asbestos Settlement Trust (the "Trust") replaced the Debtor as the party in interest in this case, and objected to Defendants' Bills of Costs. This Court considered all arguments and briefs filed by the parties, and finds as follows:

### Introduction

Considering the extended advocacy in this case, the Defendants' claims for costs is a mere velitation. The initial debate, addressed in this Order, is over the difference between the obligatory language found in Rule 54(d) of the Federal Rules of Civil Procedure, and the circumscribed wording of Bankruptcy Rule 7054 regarding the Court's award of costs.

The Federal Rule states: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...," Fed.R.Civ.P. 54(d). The Bankruptcy Rule, in contrast, states: "The court may allow costs to the prevailing party except when a statute of the United

---

1. *See In re Celotex Corp.,* 204 B.R. 586 (Bankr. M.D.Fla.1996) (the Confirmation Order).

States or these rules otherwise provides." Fed. R. Bankr.P. 7054(b).

■ All parties agree the Bankruptcy Rule applies here, however the inquiry relates to the difference in each rule's application. Where the District Court is instructed to award costs and must give a reason if costs are denied,[2] the Bankruptcy Court is empowered with discretion in awarding same. In either circumstance, each Rule focuses on authorizing costs when there is a prevailing party, with the Bankruptcy Court's perspective being less myopic.

■ Therefore, the penultimate issue is the standard for exercising this judicial discretion in Bankruptcy. Before such inquiry begins, two elements should be emphasized: First, expenses (essentially costs) usually authorized as part of secured claims, assumption or rejection of executory contracts, applications for administrative expenses, violations of the automatic stay, etc., are authorized by sections of the Bankruptcy Code other than Rule 7054(b).[3] Second, when allowing expenses, the preeminence of the Bankruptcy Law over general federal law is self-evident. This second element is true not only because of the language of the rule, but also because the District Court, in fact, is the bankruptcy forum of first choice unless the matter is referred to the Bankruptcy Court. Thus, there is a jurisprudence overseeing the authorization and allowance of expenses in bankruptcy, which is entirely distinct from costs allowed in ordinary District Court litigation.[4]

■ This Court finds the allowance of costs in bankruptcy relates to three levels of inquiry: (1) Determining the discretionary standard the bankruptcy judge should use in authorizing costs to a prevailing party; (2) Determining which party prevailed on each issue where, as herein, there are multiple issues tried amongst multiple parties; and (3) Determining what specific items of costs are allowable under Bankruptcy law.

### The Discretionary Standard

Assuming arguendo that there is a prevailing party, the "sound discretion of the bankruptcy judge" is the continuing refrain of most courts for the standard authorizing costs under Rule 7054.[5] The establishment of an objective criteria for such an award has eluded most written decisions. Such state of the law leads this Court to conclude the tendency is to authorize costs and leave the fight to which costs will be awarded.

■ Any criteria which can be ferreted out of the few court decisions discussing the issue suggest some of the following benchmarks. First, where a debtor initiates the action and loses, an objection to the awarding of costs based on injury to the estate or creditors does not carry much weight.[6] In this adversary proceeding, the Trust objects to the allowance of costs as it would be prejudicial to the million claimants provided for under the Confirmed Plan. Conversely, this adversary proceeding was brought by the Debtor to determine the extent of its insurance coverage of over a billion dollars. Over the course of this adversary proceeding, this court has allowed over five million dollars in expenses under 11 U.S.C. § 330

---

2. *Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995).

3. *See* 11 U.S.C. §§ 330(a)(1)(B), 362(h), & 503(b).

4. *See D & B Countryside, L.L.C. v. Newell (In re D & B Countryside, L.L.C.),* 217 B.R. 72, 75 (Bankr.E.D.Va.1998); *Rathbone v. Lake (In re Consol. Partners Inv. Co.),* 156 B.R. 982, 987 (Bankr.N.D.Ohio 1993).

5. *See, e.g. Stuebben v. Gioioso (In Re Gioioso),* 979 F.2d 956, 963 (3rd Cir.1992); *In re Nichols,* 221 B.R. 275, 280 (Bankr.N.D.Okla. 1998); *D & B Countryside,* 217 B.R. at 75.

6. *See, e.g., Consolidated Partners,* 156 B.R. at 987.

to Debtor's various counsel for their services in this case. This Court's prior allowance of these costs to Debtor's counsels extinguishes any argument that the equities herein do not justify the authorization of costs.[7]

■ Another method courts use is a cost benefit analysis.[8] A cost benefit analysis is relevant to the issue of whether specific costs should be allowed, but not necessarily to whether to authorize costs. In this case, the issues to be resolved were litigated in various forums over many decades. Further, while the insurance coverage was substantial, it was far less then the claims it would cover. Nonetheless, the coverage issues had to be resolved by the parties.[9]

Courts have revealed a denial of costs might be predicated upon the futility of collection by the prevailing party.[10] In light of the almost unfettered ability to discharge such claims in bankruptcy, this vintage shibboleth could be a basis for denying all costs. Fortunately in this case, collectibility is not at issue.

Finally, another trend is the denial of costs as a sanction.[11] Rule 7054 allows costs to the "prevailing party." This language clearly distinguishes an authorization of costs for solely a sanctionable event. In fact, this Court finds no basis upon which costs would be disallowed for bad faith or misconduct in this case, if such were the criterion.

### Prevailing Party

The causes of actions in this case were dividend into four phases for trial. Not all of the parties were defendants in each phase. Thus, the following findings are general in nature. The Court has ability to micromanage each defendant's status in relationship to each element of each phase if necessary.

Phase one dealt with the issue of insurance coverage for property damage caused to third parties by Debtor's asbestos containing products.[12] Neither party in the main prevailed on its view of the definition of the policy term "physical injury to tangible property." Thus, Phase One had no prevailing party.

Phase Two comprised an eclectic melange of evidence which was directed first towards the extent of insurance coverage for asbestosis bodily injury, yet ultimately solidified into the insurance company defenses of fraud and misrepresentation.[13] Ultimately, the pivotal issues in Phase Two were not decided due to problems with Debtor's discovery production, which was belatedly determined to be significantly lacking. Because the discovery problems could not be resolved this court moved the parties on to Phase Four.[14]

---

7. Cf. *West Lakeland Land Co. v. United States (In re West Lakeland Land Co.)*, 216 B.R. 892, 898 (Bankr.M.D.Fla.1998)(determining equities weighed in favor of each party bearing its own costs); *GE Capital Corp., et al. v. Taylor (In re Taylor)*, 211 B.R. 1006, 1016 (Bankr: M.D.Fla.1997)(same).

8. See, e.g., *Samayoa v. Jodoin (In re Jodoin)*, 196 B.R. 845, 856 (Bankr.E.D.Cal.1996).

9. See id.; *Celotex v. A.I.U. Ins. Co., et al. (In re Celotex)*, 152 B.R. 667, 675–77 (Bankr.M.D.Fla.1993)(holding the insurance coverage adversary proceeding in the instant case is a core proceeding, and the insurance proceeds are property of the estate).

10. See, e.g., *Stuebben*, 979 F.2d at 963.

11. See, e.g., *Nichols*, 221 B.R. at 280; *Perlbinder v. Dubrowsky (In re Dubrowsky)*, 206 B.R. 30, 40 (Bankr.E.D.N.Y.1997); *Turner v. Davis, et al. (In re Inv. Bankers, Inc.)*, 135 B.R. 659, 670–71 (Bankr.Colo.1991).

12. See, generally, *Celotex v. A.I.U. Ins. Co., et al. (In re Celotex)*, 196 B.R. 973 (Bankr. M.D.Fla.1996).

13. See, generally, *Celotex v. A.I.U. Ins. Co., et. al. (In re Celotex)*, 175 B.R. 98 (Bankr. M.D.Fla.1994).

14. Phase Three concerned the determination of coverage for environmental claims. Both the claims and the coverage issues were dexterously resolved through mediation.

■ Phase Four dealt with the gravamen of the instant litigation. The resolution related to whether the Debtor had given proper notice of bodily injury and property damage claims to each of the excess insurance carriers under the specific policies. The Defendant insurance companies were the prevailing parties in Phase Four, as the Debtor as Plaintiff failed to establish its prima facie case of notice to the insurance companies.[15]

### Allowance of Costs

Section 1920 of title 28 generally provides categories of costs which would be awardable.[16] This statute creates anomalies on several fronts. The Supreme Court's opinion in *Crawford Fitting Co. v. Gibbons, et al.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), suggests the categories in 28 U.S.C. § 1920 must be construed narrowly, *id.* at 443–45, 107 S.Ct. 2494, notwithstanding language which appears to be permissive, such as the term "may tax as costs." Further, it speaks in terms of authorizing only Judges

of "Courts of the United States," a term which may not have encompassed Bankruptcy courts at one point.[17]

The major anomaly, however, lies in an organic bankruptcy law problem as suggested. The Debtor as prevailing party in this adversary proceeding could obtain under 28 U.S.C. § 1920 only a small reimbursement of the costs which were allowed to its counsel as expenses under the Bankruptcy Code during this case. *See* 11 U.S.C. § 330. It could be suggested that 28 U.S.C. § 1920 should be a basis for limiting cost awards to debtor's attorneys, even if those costs were brought about by activity in an adversary proceeding or contested matter. However, that does not appear to be the case. It is logical to believe that if the Supreme Court and Congress placed in the hands of the bankruptcy judge sound discretion to authorize costs, then that discretion must also encompass determining which costs are taxable within the context of the Bankruptcy Rule, notwithstanding 28 U.S.C. § 1920.[18]

---

15. *See Head*, 62 F.3d at 354–55 (" 'To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs ....' ")(quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir.1978)) (citations omitted and alteration in original). *See, generally, Celotex v. A.I.U. Ins. Co., et al. (In re Celotex)*, 216 B.R. 867 (Bankr.M.D.Fla.1997).

16. Title 28 U.S.C. § 1920. states:
> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

17. *See Internal Revenue Serv. v. Brickell Inv. Corp. (In re Brickell Inv. Corp.)*, 922 F.2d 696, 700–01 (11th Cir.1991)(... [W]e hold that since a bankruptcy court is not an Article III court, it cannot be considered a "court of the United States" for purposes of awarding fees under [26 U.S.C.] § 7430), *superceded by statute*, 11 U.S.C. 106(a)(4); *Gower v. Farmers Home Admin. (In re Davis)*, 899 F.2d 1136, 1139–40 & n. 7 (11th Cir.1990)(same). *But see* 11 U.S.C. § 106(a)(4)(enacted in 1994); *United States of America v. Yochum (In re Yochum)*, 89 F.3d 661, 665–70 (9th Cir.1996)(holding bankruptcy courts, as units of the district court, are courts of the United States for purposes of 26 U.S.C. § 7430); *D & B Countryside*, 217 B.R. at 75, n. 5 (relying on same); *Brown v. United States of America (In re Brown)*, 211 B.R. 1020, 1023–24 (Bankr.N.D.Ga.1997)(declining to follow *Brickell* in light of enactment of 11 U.S.C. § 106(a)).

18. *See, e.g., Cushman & Wakefield, Inc. v. Keren Ltd. Partnership (In re Keren Ltd. Partnership)*, 189 F.3d 86, 87–88 (2nd Cir.1999)(discussing 11 U.S.C. §§ 330 & 503); *In re Mulberry Phosphates, Inc.*, 169 B.R. 750, 752–53 (M.D.Fla.1994)(discussing expenses allowable under 11 U.S.C. § 330); *Home Ex-*

While there are expansionist views of the language of the statute, there are limited ones as well. This court believes 28 U.S.C. § 1920 in this context must be read in para pasu with 11 U.S.C. § 330. The basis for this conclusion is simple. During the many years of litigation under this adversary proceeding, Debtor's counsel were allowed their costs pursuant to 11 U.S.C. § 330 of the Bankruptcy Code. The expenses allowed to the firms primarily handling this Adversary proceeding on Debtor's behalf amount to an estimate of over five million dollars. If those costs had been allowed under the limited view of 28 U.S.C. § 1920, the costs allowed would be less. In the eight years in which these costs were allowed to Debtor's counsel, no party ever raised the issue of limiting costs based on 28 U.S.C. § 1920. Further, this Court believes limiting costs in this adversary proceeding based on a declaratory action dealing solely with issues associated with property of the estate would not only be inequitable to the prevailing party, but would perpetuate the anomaly.

If the Debtor were the prevailing party, it could seek to tax costs in the amount paid to its attorneys by this Court's orders. The insurance companies could opine that any costs allowed should be limited by 28 U.S.C. § 1920. The result under such a scenario might find the Debtor being reimbursed a lesser amount of costs than the amount allowed under 11 U.S.C. § 330 of the Bankruptcy Code. Under the same scenario, could a creditor then seek to disgorge expenses already awarded to Debtor's counsel predicated upon 28 U.S.C. § 1920 being the correct standard for costs as opposed to 11 U.S.C. § 330? Such an interpretation is akin to putting statutes on their heads.[19] It is

neither desirable or necessary. Clearly, where the adversary proceeding is directly related to property of the estate, and professionals are being paid fees and costs pursuant to 11 U.S.C. § 330 in the general case, the bankruptcy policy should prevail in the main.

It is clear the language of Bankruptcy Rule 7054 may not only be effected by 28 U.S.C. § 1920, but also by 11 U.S.C. §§ 330(a)(1)(B) and 503(b)(3)(d). This Court finds that categories of allowable costs will not be limited by 28 U.S.C. § 1920, so long as the prevailing parties may qualify under another section of Title 11 for the authorization of costs, i.e. expense categories under 11 U.S.C. §§ 330 and 503.[20]

## Conclusion

■ Once a bankruptcy court determines, in its discretion, to allow costs to a prevailing party in an adversary proceeding or contested matter pursuant to Rule 7054(b), the appropriate statute for determining which costs to award is 28 U.S.C. § 1920, unless the prevailing party can show it is entitled to an award of costs pursuant to another Bankruptcy Code section, such as 11 U.S.C. §§ 330 or 503.[21] The burden of proof at that point rests with the prevailing party.

In this case, the Court finds the Defendants, in Phase Four, were the only prevailing party. In light of this Court's award of over five million dollars in costs to the Debtor's counsel during this case, this Court rejects the argument that to allow costs to the Defendants' will be unfair to the claimants in this bankruptcy case. Further, this Court chooses to exercise its discretion and allow costs to the

---

*press, Inc. v. Arden & Howe Assoc.'s Inc. (In re Arden & Howe Assoc.'s Inc.),* 1993 WL 129784 @ *8, n. 12 (E.D.Cal.1993)(affirming bankruptcy court denial of fees and costs under 11 U.S.C. § 365(h)(2) in action concerning rejected lease).

**19.** *See Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1582 (10th Cir.1993)

(discussing avoiding incongruity in statutory interpretation and application).

**20.** *See Keren,* 189 F.3d at 87–88; *Mulberry Phosphates,* 169 B.R. at 752–53; *Arden & Howe,* 1993 WL 129784 @ *8, n. 12.

**21.** *Id.*

Defendants for the Phase Four portion of the trial. By separate order, this Court will set a final evidentiary hearing to determine the actual allowance of costs and their reasonableness.