In re William O'CALLAGHAN, Debtor.

Amin T. Bishara, Plaintiff,

v.

William O'Callaghan, Defendant.

Bankruptcy No. 99–14794–8G7.
Adversary No. 00–243.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 7, 2003.

John A. Anthony, Stephanie M. Biernacki, Gray Robinson, P.A., Tampa, FL, for Plaintiff.

Buddy D. Ford, Tampa, FL, for Defendant/Debtor.

## ORDER ON MOTION TO RECOVER COSTS

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Recover Costs filed by the Debtor/Defendant, William O'Callaghan.

William O'Callaghan (O'Callaghan) filed a petition under chapter 7 of the Bankruptcy Code on September 10, 1999, and was subsequently named as the defendant in the above-captioned adversary proceeding to determine the dischargeability of a particular debt and to deny his discharge. The adversary proceeding was commenced by Amin T. Bishara (Bishara). Additionally, Bishara filed a Proof of Claim in O'Callaghan's Chapter 7 case, and O'Callaghan filed a written objection to the claim. The two matters were administratively consolidated for purposes of the trial.

On March 6, 2003, the Court entered a Final Judgment in favor of O'Callaghan and against Bishara on Bishara's Amended Complaint to determine the dischargeability of a debt and to deny O'Callaghan's discharge. In the Final Judgment, the Court also sustained O'Callaghan's Objection to Bishara's Claim, and disallowed the Claim in its entirety.

In the Motion currently under consideration, O'Callaghan seeks the entry of an order directing Bishara to reimburse the costs that O'Callaghan incurred in the conduct of this litigation. O'Callaghan makes the request pursuant to Rule 7054(b) of the Federal Rules of Bankruptcy Procedure, Section 330 of the Bankruptcy Code, and Section 1920 of title 28.

## Discussion

■ Bishara initially contends that O'Callaghan's Motion is premature because Bishara filed an appeal of the Findings of Fact, Conclusions of Law, and Memorandum Opinion, and also of the Final Judgment entered against him. The Court rejects this argument, and finds that it is appropriate to consider O'Callaghan's Motion for Costs despite the pending appeal. See *In re Dubrowsky*, 206 B.R. 30, 40 (Bankr.E.D.N.Y.1997)("Bankruptcy Rule 7054(b) is the bankruptcy equivalent to Fed.R.Civ.P. 54(d). Unlike Local Rule 11 for the Eastern District of New York, this provision does not prohibit taxation of costs if an appeal is pending. Therefore, this Court shall not read such prohibition into Bankruptcy Rule 7054(b) and finds that it is appropriate to tax costs at this time."). See also *Plair v. E.J. Brach & Sons, Inc.*, 1995 WL 387789, at *1 (N.D.Ill.)(Under Rule 54(d) of the Federal Rules of Civil Procedure, "a district court may award costs even while the substantive appeal is pending."). O'Callaghan's Motion is not premature.

### A. The rule and the statutes

O'Callaghan filed his Motion "pursuant to Bank.R.Civ.P. 7054, 11 U.S.C. § 330 and 28 U.S.C. § 1920." Rule 7054(b) of the Federal Rules of Bankruptcy Procedure provides:

**Rule 7054. Judgment; Costs**

. . . . .

**(b) COSTS.** The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. . . .

■ It is well-established that the allowance of costs under Rule 7054(b) is within the discretion of the Bankruptcy Court. "The Court has broad discretion to determine whether and to what extent to award costs to prevailing parties." *In re Franklin Arms Court, L.P.*, 2003 WL 1883472, at *14 (Bankr.N.D.Ill.). "Assuming arguendo that there is a prevailing party, the 'sound discretion of the bankruptcy judge' is the continuing refrain of most courts for the standard authorizing costs under Rule 7054." *In re Celotex Corporation*, 251 B.R. 163, 166 (Bankr. M.D.Fla.2000). "There is a strong presumption favoring the award of costs to the prevailing party. . . . The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." *In re Franklin Arms Court, L.P.*, 2003 WL 1883472, at *14.

■ It is also well-established that § 1920 of title 28 constitutes the statutory authority for determining expenses that should be allowed. "Allowable costs, however, are limited to the categories in § 1920 and expenses that are not authorized by statute must be borne by the party incurring them." *In re Franklin Arms Court, L.P.*, 2003 WL 1883472, at *14. "Section 1920 of title 28 generally provides categories of costs which would be awardable." *In re Celotex Corporation*, 251 B.R. at 168. Section 1920 of title 28 provides:

**28 USC § 1920. Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

See also *In re Dubrowsky,* 206 B.R. at 40(The Court refers to 28 U.S.C. § 1920 as a "guideline" for determining items that are taxable as costs.) Witness fees and allowances are addressed in 28 U.S.C. § 1821. Generally, the allowances consist of an attendance fee of $40 per day, the actual expenses of travel, and a subsistence allowance when an overnight stay by the witness is required.

■ Occasionally, special circumstances cause the Bankruptcy Court to consider Rule 7054(b) and § 1920 in conjunction with certain provisions of the Bankruptcy Code that authorize the reimbursement of expenses. See *In re Celotex Corporation,* 251 B.R. 163 (Bankr.M.D.Fla.2000). Such special circumstances are not present in this case, however. Consequently, in awarding costs to the prevailing party, the Court looks to 28 U.S.C. §§ 1920 and 1821.

### B. O'Callaghan's Motion

In O'Callaghan's initial Motion to Recover Costs, he requested the reimbursement of costs and expenses in the amount of $12,603.08. An itemization attached to the Motion reflects that these costs relate to the period commencing in March of 2001, and continuing through January 31, 2003. The attachment further reflects that disbursements were made for the following categories of expenses: (1) pho-tocopies; (2) postage; (3) facsimile charges; (4) long distance phone charges; (5) transcripts; (6) Federal Express; (7) court reporter fees; (8) Florida Litigation Support Services (process server); (9) Westlaw research; (10) trial materials (binders and tabs); and (11) Judicial Research (court copies). Additionally, copies of the following invoices or statements were attached to O'Callaghan's Motion: (1) Johnson Transcription Service—nineteen invoices; (2) Federal Express—three invoices; (3) Regency Reporting Service—three invoices; (4) Florida Litigation Support Services—one invoice; and (5) Judicial Research—one invoice. All of the costs included in the initial Motion were incurred by the law firm of Buddy D. Ford, P.A., O'Callaghan's primary counsel in the litigation.

O'Callaghan later filed a Supplement to his Motion to Recover Costs. In the Supplement, O'Callaghan requests the reimbursement of additional costs and expenses in the amount of $10,481.33. A summary of the additional costs, together with various statements and invoices, are attached as exhibits to the Supplement. The summary and supporting documentation relate to the following categories of costs: (1) witness fees for Warren Douglas Cattanach and George Fiske in the aggregate amount of $2,200; (2) air fare and accommodations for Simon Kogan, Esquire, Buddy D. Ford's co-counsel in the representation of O'Callaghan, in the total amount of $6,052.06; and (3) air fare, accommodations, and court reporter charges for Frank Corris, a witness called by O'Callaghan at trial, in the amount of $2,229.27.

Consequently, the total amount of the award requested by O'Callaghan in his initial Motion and Supplement is $23,084.41 ($12,603.08 plus $10,481.33 = $23,084.41).

## C. Application

The Court finds that O'Callaghan is entitled to an award of costs pursuant to 28 U.S.C. § 1920. "There is a strong presumption favoring the award of costs to the prevailing party.... The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." *In re Franklin Arms Court, L.P.*, 2003 WL 1883472, at \*14.

■ In this case, it is clear that O'Callaghan is the prevailing party. His Objection to Bishara's claim was sustained, Bishara's claim was disallowed in its entirety, and a final judgment was entered in O'Callaghan's favor on all of the counts of Bishara's Amended Complaint. Further, Bishara has not satisfied his burden of showing that he should be excused from paying these costs.

■ Consequently, the Court finds that O'Callaghan is entitled to reimbursement of costs in the amount of $8,447.69.

Section 1920 of Title 28 provides for allowance of costs in the following categories: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Accordingly, of the costs submitted by O'Callaghan, the following are allowable:

(1) service of process ($70.00, 35.00); (2) fees of court reporters ($219.50, 232.00, 618.10, 829.75, 277.25, 114.00, 179.25, 177.75, 365.15, 475.00, 465.00, 390.00, 157.50, 455.00, 280.00, 228.00, 240.00, 326.00, 408.50)(it should be noted that some of the court reporters' invoices are with reference to the adversary proceeding between the Debtor and the United States, and these have not been allowed), (3) fees and disbursements for witnesses (Cattanach and Fiske, $40.00, 40.00, transportation and accommodation expenses of Corris, $186.00, 1442.50, 192.27), (4) fees for copies ($4.17). The total amount of allowable costs is therefore $8,447.69.

## Conclusion

Costs in the amount of $8,447.69 should be allowed to O'Callaghan, pursuant to Rule 7054(b) of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §§ 1920 and 1821.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Recover Costs filed by the Debtor/Defendant, William O'Callaghan, is granted as set forth in this Order.

2. The Plaintiff, Amin T. Bishara, is directed to pay William O'Callaghan the sum of $8,447.69, as allowed costs in this litigation, within thirty days of the date of this Order.